## MATTHEW HANSEN

*v.*

## ANTON MEYER *et al.*

1. LESSEE—*right of action of, against assignee of lessor.* Where a lease, in terms, states that it shall be binding upon the lessor, his heirs, executors, and administrators, but says nothing about assigns, the lessee can not maintain a suit against a purchaser of the house and premises from the lessor, upon a clause in the lease binding the lessor to pay for certain fixtures and furniture, which, by the terms of the lease, the lessee was to put into the house.

2. SAME—*construction of statute in relation to.* The statute in force July 1, 1873, which gives to lessees of lands the same right of action against the assignees of their lessors that they would have against the lessors themselves, does not apply to a covenant made in a lease before the passage of the act.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. BLOOMFIELD, POLLOCK & CAMPBELL, for the appellant.

Messrs. ROWELL & HAMILTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit to recover damages for the breach of a covenant in a lease, brought by the lessee against the assignees of the reversion.

The facts are: On the 15th day of December, 1872, Matthew Hansen, the appellant, leased of one John Hoffman, by written lease, premises described in the lease as follows: "Store-

room on first floor in the hotel building on corner of C. and A. R. R. and Chestnut street, on part of lot one, etc., in Bloomington, Ill," the lease, by its terms, to continue one year, with monthly rental in advance, with the privilege to lessee to extend the lease by giving sixty days' notice each year. The lease was the ordinary blank used for such purpose, and after the leasing part, has the following written in the body of the lease: "Party of the second part is to put in counters and shelving, which said counters and shelving the party of the first part hereby agrees to buy from party of the second part at a reasonable price, at the expiration of the first year of this lease. Party of the first part is to put in good fixtures and other things necessary to the said room." Hansen took possession of the room under this lease, and put in counters and shelving for his use in the retail dry goods business, which he engaged in. He remained in possession, using these counters and shelving himself, until the trial of this cause, June 14, 1875. On the 1st day of July, 1873, Hoffman, the lessor, sold the hotel building and premises in which this room was situate, to the appellees, Hansen being then in possession. At the end of the first year, Hansen brought this suit against appellees, on the lease, to recover from them the value of these counters and shelving.

The lease, in terms, states that the covenants therein shall extend to and be binding upon the heirs, executors and administrators of the parties, and nowhere mentions or includes *assigns* of either party. The cause was tried by the court below without a jury, and judgment rendered for the defendants. The plaintiff appealed.

The question presented is, are appellees, as assignees of the reversion, liable, under this lease, to appellant, the lessee, for the value of the counters and shelving?

The covenant in the lease is, that Hansen "is to put in counters and shelving." This was to be done in the future; the covenant related to a thing not *in esse*, at the time of the execution of the lease, and does not bind *assigns* when, as here, not expressly named in the covenant.

The leading authority on this question is *Spencer's case*, 5 Rep. 16. That case was a covenant by the lessee for him, his executors (*not assigns*), that he, his executors, administrators or assigns, would build a brick wall on the demised premises. His assignee being sued, it was held that he was not bound, because the thing in respect to which the covenant was made, was not *in esse*, and had not yet become a part of the land. Its existence was in contemplation. And yet it was agreed that, because it was a thing that would directly affect the demised premises, if the word *assigns* had been used, the covenant would have bound the assignee. The assignee is to take the benefit of it and shall be bound by express words. In *Gray* v. *Cuthbertson*, 2 Chit. R. 482, the covenant was by the lessor, but not for his assigns, to take and pay for all fruit trees and bushes growing, at the end of the term, which the lessee should plant. The assignee of the lessor was held not to be liable, for want of the word assigns; though it was admitted that this word would have charged him. The decision was on the distinction in *Spencer's case*, that the thing did not exist at the time of the covenant.

But it is supposed by appellant's counsel, that the following statute of this State gives this right of action against the assignees of the reversion, viz:

"The lessees of any lands, their assigns or personal representatives, shall have the same remedy, by action or otherwise, against the lessor, his grantees, assignees or his or their representatives, for the breach of any agreement in such lease, as such lessee might have had against his immediate lessor." Rev. Stat. 1874, p. 659, § 15, (in force July 1, 1873).

This lease was executed December 15, 1872. The lessor, Hoffman, sold and conveyed the property to appellees July 1, 1873. This statute did not go into effect until July 1, 1873. Without regard to the question, whether a covenant of such a character as this is within the purview of the statute, we are of opinion that this statute does not apply in this case, as it was enacted after the lease was executed. To hold it as applying to this lease, would be to give the statute a retrospective

operation. Retrospective laws are viewed with disfavor, and courts do not allow statutes to have a retroactive effect on past transactions, unless it appears that such was the intention of the legislature manifested by clear and unequivocal expressions. *In the matter of the will of Tuller*, 79 Ill. 99, and the authorities there referred to. The very essence of a new law is a rule for future cases, per Kent Ch. J. in *Dash* v. *Van Kleeck*, 7 Johns. 502.

There is no reason or justice in the statute stepping in and conferring upon this lessee security for the payment of a sum of money which he failed to take for himself, to-wit: the security of assigns; and to give to him an additional right of action, which he did not have by his contract of his own making, or by operation of law. No such a case could have been within the intendment of the statute. We hold that the statute does not apply to this covenant, made before its passage.

The judgment will be affirmed.

*Judgment affirmed.*