## CHARLES RAYMOND ET AL.

v.

## PETER KERKER.

1. LANDLORD AND TENANT—ACCRUING RENT NOT RESERVED—WHEN IT PASSES TO GRANTEE—ATTORNMENT.—As between the parties, accruing rent not reserved passes by the deed to the grantee, but until attornment there is no privity of contract between the tenant and grantee for payment of the rent, and the grantee cannot maintain a suit at law against the tenant therefor.

2. STATUTE 4TH OF ANNE NOT IN FORCE.—The statute 4th of Anne, dispensing with the necessity of an attornment by the tenant in order to give a complete remedy by the assignee against the tenant, is not in force in this State.

3. PLEADING—EVIDENCE.—The release offered in evidence was executed long after suit was commenced, and if competent for any purpose, was not admissible under either of the pleas in the case. The pleas had relation to the situation at the commencement of the suit, and the release certainly did not show non-indebtedness at that time.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. WILLIAM E. HUGHES, for appellants; that the tenant cannot be permitted to show an assignment of the reversion, unless he can also show an attornment, cited Jackson v. Whedon, 1 E. D. Smith, 141; McIntyre v. Patton, 9 Humph. 447; Hoen v. Simmonds, 1 Cal. 119; Gillen v. Chatfield, 8 Minn. 455.

At feudal law the landlord was entitled to rent if he gave the tenant possession and kept him in it: 2 Black. Com. 41.

The tenant was kept in possession by the plaintiffs, and he is now estopped to deny the claim for rent: Lloyd v. Lee, 45 Ill. 277; Brooks v. Record, 47 Ill. 30; Kane County v. Herrington, 50 Ill. 232.

Messrs. WILLIAMS, BURR & CAPEN, for appellee; that accruing rents pass with the fee, cited Dixon v. Niccols, 39 Ill. 372; Crosby v. Loop, 13 Ill. 625; Green v. Massie, 13 Ill. 363; Kennedy v. Kennedy, 66 Ill. 190; Sherman v. Dutch, 16 Ill. 283; Taylor's Landlord and Tenant, § 568.

Where there is a conflict of evidence the verdict will not be disturbed: Thomas v. Rutledge, 67 Ill. 213; Eastman v. Brown, 32 Ill. 53; Wood v. Price, 46 Ill. 435.

If appellants base their claim upon a promise to pay made after a sale of the land, they have mistaken their remedy: Taylor's Landlord and Tenant, § 567: Breece v. Come, 5 Bing. 24; ——v. Cooper, 2 Wils. 375; Cornell v. Lamb, 2. Cow. 652.

HIGBEE, P. J.    This is a proceeding by distress for rent. The appellants allege that they rented a farm of one hundred and sixty acres to appellee on the 1st day of March, 1873, for one year, at a rent of $640, to be paid in the fall or winter after the renting; that defendant entered and occupied under the contract, and has not paid the rent.    The warrant was filed in the McLean Circuit Court, where defendant afterward appeared and filed three pleas:

1.    That he is not and was not at the time of issuing the distress warrant, indebted to plaintiffs for rent.

2.    *Non assumpsit.*

3.    At the time, etc., was not indebted for rent.

These pleas concluded to the country, and issue was joined on them.

Appellants fully proved the allegation of their distress warrant, which takes the place of a declaration, and rested.

Appellee then read in evidence, against the objection of appellants, a deed dated the 27th day of September, 1873, executed by appellants to one George M. Toole, conveying the fee in the premises without reserving the accruing rents, and a release from Toole, the grantee in the deed, to defendant for all rent due him from appellee for the use of the premises.    This release was made in July, 1875, more than a year after this suit was commenced.

It was understood when appellants conveyed to Toole (27th September, 1873), that Toole was not to have possession of the premises until the 1st of March, 1874, when appellees' lease would expire.    The evidence also tended to show that appellee had never paid the rent to either appellants or Toole, nor had he ever attorned to Toole, and that the release was executed by

Toole to appellee in consideration of $5, and was intended to defeat this suit then pending.

The court on this evidence found the issues for defendant, and rendered a judgment against appellants for costs, to reverse which appellants bring the case to this court, and assign error upon the judgment of the court below.

The principal question we shall consider is, whether the deed of appellants to Toole passed the rights to the accruing rent to the grantee, so as to deprive appellants of the right to maintain this suit, without attornment by the tenant to the purchaser. That accruing rent not reserved passes by the deed to the grantee, as between the parties to the deed, is not an open question in this State, but whether the legal right to the rent passes by the grant as against the tenant, who has not consented thereto by attornment, is quite a different question. At common law a lease was not assignable so as to invest the assignee with the legal title to the rent. The tenant neither owed fealty or rent to the assignee until he had assented to the assignment by attorning to the purchaser. Where the lease is transferred, as to accruing rents by grant, there is privity of estate between the tenant and the grantee, but until attornment there is no privity of contract for the payment of the rent, and the grantee, cannot in such case maintain a suit at law against the tenant therefor.

The statute of 32 Hen. 8, which seemed to grant a right of recovery by the assignee against the tenant, was finally construed to give no such right until the tenant had attorned and thereby assented to become directly liable to the assignee. 1 Ellis & Ellis, 1040. The 4th of Anne, which finally dispensed with the necessity of an attornment in order to give a complete remedy by the assignee against the tenant, is not in force in this State. See Viner's Abridgment, 317, Fisher v. Deering, 60 Ill. 114.

From this view of the law it would seem that at the commencement of this suit the legal right to the contract was vested in the appellants, and they alone could maintain a suit at law for the recovery of the rent. There was an entire want of privity of contract between the appellee and Toole, and for this reason

the legal title to rent under the contract was not vested in him. Appellants, then, having the legal right to maintain a suit on the contract for rent, were the proper parties plaintiff in the proceeding for that purpose, and such right will not be defeated by interposing equities in favor of third parties not before the court or parties to the suit. Chadsey v. Lewis, 1 Gilm. 153.

It is not necessary for this court to decide whether appellants could distrain for rent after they had granted the fee. No objections were made to the manner of getting defendant into court below, and after the issues were formed on the pleas, it only remained to try them.

The release offered in evidence was executed long after this suit was commenced, and if it was competent evidence for any purpose it was not admissible under either of the pleas in this case, and did not tend to prove any issue made by either of said pleas. The pleas had relation to the commencement of the suit, and the release certainly did not show that appellee was not then indebted to appellants for rent.

We purposely forbear from expressing any opinion as to the effect of the eighth section of the act of 1873, Session Laws 1873, p. 119, as that act was not in force when this contract was made, and cannot have a retrospective effect. Houser v. Myer, 81 Ill. 321.

For these reasons we think appellants were entitled to recover on the case made by the pleadings and evidence, and the judgment is therefore reversed and the cause remanded.

Reversed and remanded.