## JOHN E. COPPINGER ET AL.

### v.

## WILLIAM ARMSTRONG.

1.  LEASE—DESCRIPTION.—A lease describing the demised premises as, " commencing on the west line of the lands owned by the Alton Manufacturing Company, where the same intersects the county road, running thence east on the north line of said road two hundred feet, and extending back or north of equal width," is a sufficient description.

2.  COVENANT RUNNING WITH THE LAND.—A covenant that the tenant will "remove all rubbish and spalls" at the expiration of the term, runs with the land and is binding upon the assignee of such tenant.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.  Opinion filed April 2, 1880.

Mr. J. W. COPPINGER and Mr. DAVID GILLESPIE, for appellant; that the covenant in question runs with the land, cited Taylor's Landlord and Tenant, 178; Norman v. Wells, 17 Wend. 136; Van Rensselear v. Bonesteel, 24 Barb. 367; 1 Washburn on Real Property, 330; Demarest v. Willard, 8 Cow. 206; Pollard v. Shaefer, 1 Dallas, 210; Dean of Windsor's case, 5 Rep. 24; Spencer's case, 5 Rep. 16; Scheidt v. Belz, 4 Bradwell, 431; Sterling Hydraulic Co. v. Williams, 66 Ill. 393.

The assignee may maintain an action in his own name against the original covenantor: Withy v. Mumford, 5 Conn. 137; Garlock v. Closs, 5 Conn. 143; Beddoe v. Wadsworth, 21 Wend. 120; Suydam v. Jones, 10 Wend. 180; Ayman v. Ballard, 12 Mass. 306; Sprague v. Baker, 17 Mass. 586; DeChaumont v. Forsyth, 2 Penn. 507; Williams v. Weatherbe, 1 Ark. 233; King v. Kerr, 5 Hammond, 156; Clark v. Redman, 1 Blackf. 381; Mitchell v. Warren, 5 Conn. 497; Williams v. Beeman, 2 Dev. 483; Shirley v. Hearne, 6 Yerg. 512.

The assignee of a term is bound to perform all the covenants to the estate: 1 Bac. Abr. 524; Babcock v. Scoville, 56 Ill. 465.

Messrs. WISE & DAVIS, for appellee; that the lands are not sufficiently described, and therefore, the lease is void, cited Carter v. Barnes, 26 Ill. 454; Patterson v. Hubbard, 30 Ill. 201.

The covenant does not run with the land, and the lease not mentioning "assigns," it does not bind appellee: Dorsey v. St. L. A. & T. H. R. R. Co. 58 Ill. 65; Hansen v. Meyer, 81 Ill. 321; Spencer's Case, 1 Smith's Lead. Cas. 22; Thompson v. Rose, 8 Cow. 266; Talman v. Coffin, 4 Comst. 134.

BAKER, P. J. This was covenant prosecuted by appellants against appellee in the Madison Circuit Court on a lease executed by the Alton Manufacturing Company to one Luke Brennan, dated January 1st, 1869, and to be in force from that day until the 31st day of December, 1878. The demised premises are described in the declaration as situated in the city of Alton, in said county, and as " commencing on the west line of the lands owned by the Alton Manufacturing Company, where the same intersects the county road, running thence east on the north line of said road two hundred feet, and extending back or north of equal width."

The declaration avers that by the terms of said lease said Brennan was to have the right and privilege of excavating and using rock from said leased premises sufficient to run three limekilns and no more during the continuance of said lease; except such sandstone as might be found, and which could not

be turned into lime; the said Brennan to have the privilege of disposing of the same for his own benefit; and that said Brennan did in and by said indenture covenant with the said Alton Manufacturing Company, that at the expiration of the time mentioned in said lease, peaceable possession of said premises should be given to said company, in as good condition as they were at the time of executing said lease; all rubbish and spalls to be removed.   The declaration further alleges that said Brennan went into possession and continued in possession until the 8th day of January, 1872, when, by consent of lessors, he assigned said lease to appellee, subject to all the conditions of the same.   That on the first day of January, 1875, the lessors, by deed of that date, conveyed said lands to appellants, and that appellee attorned to appellants.   The particular breach assigned is, that appellee suffered and permitted to remain upon the premises nine thousand one hundred and fifty-five cubic yards of spalls and rubbish, and, although the said term had expired, had failed, neglected and refused to remove said spalls and rubbish, etc., to appellant's damage in the sum of $3,000. A demurrer was sustained to the declaration, appellants elected to stand by it, and a final judgment was rendered against them for costs.   Two points of objection are here urged against the declaration.   The first is that the description of the land as stated in the pleading cannot be identified, and that consequently the lease declared on is void.   We think the objection untenable. The description, as we understand it, would cover all the land belonging to the Alton Manufacturing Company at the place designated, lying between the west line of said land and a line two hundred feet east of it, and extending from the county road on the south to the north line of the company's land, excluding all, if there is any, of the company's land that would, if included, render the demised premises unequal in width.

The other objection is that the covenant: " All rubbish and spalls to be removed," is not a covenant running with the land; that the rubbish and spalls were things not *in esse* when the lease was made, and that assigns not being named in the covenant, it does not bind appellee, who is assignee of the lease; and we are cited to Spencer's case, 5 Coke, 16, and 1 Smith's

Leading Cases, S. P. 22; Dorsey v. St. L. A. & T. H. R. R. 58 Ill. 65, and Hanson v. Meyer, 81 Ill. 321. It will be noted, that the covenant in Spencer's case was that S., the lessee, " would build a brick wall upon part of the land demised." In Dorsey's case the agreement was " to construct and maintain a good and suitable fence;" and in Hanson v. Meyer the covenant was that Hanson " is to put in counters and shelving." All these things were to be done in the future, and the covenants related to things not *in esse* when the several covenants were made, and did not bind assigns, because they were not expressly mentioned in the covenants. The brick wall, the fence, and the counters and shelving were none of them in existence when the respective covenants were made. We think the case at bar stands upon other ground. The 6th resolution of the court in Spencer's case was this: " If lessee for years covenants to repair the houses during the term, it shall bind all others as a thing which is appurtenant, and goeth with the land in whose hands soever the term shall come, as well as those who come to it by act of law, as by the act of the party, for all is one, having regard to the lessor, and if the law should not be such, great prejudice might accrue to him; and reason requires that they who shall take benefit of such covenant when the lessor makes it with the lessee, should, on the other side, be bound by the like covenant when the lessee makes it with the lessor."

In the Dean of Windsor's case, 5 Coke, 24, it was adjudged that the action of covenant would lie on a covenant to repair, although the lessee had not covenanted for his assigns, " for such covenant which extends to the support of the thing demised is, *quodam modo*, appurtenant to it, and goes with it." In Pollard v. Shaffer, 1 Dallas, 230, it was said:

" The covenant to repair and deliver up the demised premises in good order and repair, runs with the land being annexed and appurtenant to the things demised, and shall bind the assignee as much as the lessee, even if the assignee were not named by express words, on account of the privity."

It was held, in Harris v. Coalbourne, 3 Harrington, 338, that the obligation of a covenant to tear down an old chimney and put

up a new one, would run with the land to assignee, whether expressly named or not. See, also, 1 Washburn on Real Property, p. 330, Sec. 11.

The lease in this case was made with the right of excavating and taking rock from the premises and burning lime, and selling said stone; and the lessee covenanted that at the expiration of the term the premises should be surrendered in as good condition as they were at the time of the execution of the lease, and that all rubbish and spalls should be removed. It is evident the property was leased with reference to the uses and purposes to which it was adapted. The stone was on the premises *in esse*, and a part of the demise. The rubbish and spalls were occasioned by the quarrying and lime-burning, and were necessarily incident thereto, and appellee had the benefit derived from such quarrying, and lime-burning. We regard this covenant to remove the rubbish and spalls as substantially a somewhat specific covenant to surrender at the end of the term in good condition and repair. The case is within the fair intent and reason of the rule announced in the cases we have cited.

The Circuit Court erred in sustaining a demurrer to the declaration. The judgment is reversed and the cause remanded, with directions to overrule the demurrer.

Reversed and remanded.