## SARAH CARSON

### v.

## CITY OF BLOOMINGTON.

1.  VIOLATION OF ORDINANCE—IMPRISONMENT.—Where an ordinance provided that upon rendering judgment of conviction thereunder, the justice, if the fine and costs were not paid at once, might order the defendant to stand committed until they were paid, unless the defendant should appeal therefrom, it was error, upon trial on appeal in the circuit court, to render judgment and order the defendant to be committed to jail. As soon as the defendant had perfected an appeal from the justice, the ordinance, so far as it related to imprisonment, had spent its force, and there could be no further imprisonment under it.

2.  IMPRISONMENT UNDER THE STATUTE.—Neither can the order for imprisonment be sustained under the provisions of an act passed in 1879, providing that upon conviction, the offender may be committed until fine and costs are paid.   The act itself and the ordinance under which conviction was had are so variant as to the manner of punishment that they cannot be construed as standing together; and taken by itself the act could only operate upon fines imposed subsequently to its passage.

ERROR to the Circuit Court of McLean county; the Hon.
OWEN T. REEVES, Judge, presiding.   Opinion filed June 29,
1880.

Messrs. BLOOMFIELD & HUGHES, for plaintiff in error; that it
was error to admit the ordinance in evidence without proof
that the city had a charter, and proof of publication of the
ordinance, cited Alton v. Hartford Fire Ins. Co. 72 Ill. 328;
Schott v. The People, 89 Ill. 195; Trustees of Elizabethtown v.
Lefler, 23 Ill. 90; Newlan v. Aurora, 17 Ill. 379; Barnett v.
President, etc., 28 Ill. 62.

It was error to render final judgment and order the defend-
ant imprisoned: Kinmundy v. Mahan, 72 Ill. 462; Hoyer v·
Town of Mascoutah, 59 Ill. 137.

As to error in the instructions not being based on the evi-
dence: Gibson v. Webster, 44 Ill. 483; Harmit v. Thompson,
46 Ill. 460; Bullock v. Narrott, 49 Ill. 62; Bailey v. Godfrey,
54 Ill. 507; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119.

Mr. T. C. KERRICK and Mr. B. D. LUCAS, for defendant in
error; that a court will take judicial notice of the public charter
of a city, cited Browning v. City of Springfield, 17 Ill. 147.

The judgment of commitment is based upon a Statute of the
State: Laws of 1879, 71.

McCULLOCH, P. J.   On the 15th day of November, A. D.
1878, suit was commenced against plaintiff in error, before a
police magistrate, to recover a penalty for an alleged violation
of an ordinance of the city of Bloomington.   A trial was had
(after change of venue) before a justice of the peace, which re-
sulted in a judgment against plaintiff in error, from which
she appealed to the circuit court.   The cause was tried at the
November term, 1879, of the circuit court, at which term a
verdict was rendered against plaintiff in error, assessing the
penalty at twenty-five dollars.   A motion for a new trial was
entered and taken under advisement.   At the next term, this
motion was overruled and judgment rendered upon the ver-
dict, and for costs of suit, and it was ordered that plaintiff in

error stand committed to the city prison, in the city of Bloom-ington, until said fine and costs should be fully paid, and that the sheriff of McLean county execute said order.

Numerous errors are assigned upon the record, but upon a careful inspection thereof, we find none prior to the time of the rendition of the judgments of which plaintiff in error can now avail herself. At a certain stage of the proceedings, she applied for, and obtained, a change of venue, on account of the prejudice of the judge then presiding, as is alleged, but at a subsequent day of the same term, the order granting the change was so modified as to make it conditional upon her giving a new appeal bond. No bill of exceptions was taken to the rulings of the court at that time, nor did plaintiff in error at the term at which the trial took place, and when another judge was presiding, make any objections to the jurisdiction of the court. She has, therefore, waived her right to make the objection in this court.

The evidence sustains the verdict, and we see no error in admitting evidence before the jury. The judgment of convic-tion was therefore proper, and in so far as the court rendered judgment in favor of defendant in error for the amount of the fine and costs, there was no error, and to that extent the judg-ment is affirmed.

But the circuit court erred in ordering plaintiff in error to stand committed to the city prison until the fine and costs should be paid. After verdict and before judgment, defendant in error offered in evidence to the court an ordinance providing that, up-on rendering judgment for any such fine, the justice shall require immediate payment, and shall make an order that the defend-ant stand committed until the fine and costs are paid; and the defendant, if present, shall not be permitted to depart from cus-tody except upon payment of such judgment, or upon filing an appeal bond, with good security; and if such judgment be not forthwith paid, or an appeal taken, the court rendering the same shall issue an execution commanding the officer to levy the said debt and costs of the goods and chattels of the defendant, and for want thereof, then to take the body of such defendant and commit him to the prison of said city, or to the jail of said

county, there to remain twenty-four hours for every dollar c n-tained in the amount of said fine and costs, or to require him to labor upon the streets of said city at the rate of one dollar per day, until the whole amount of said fine and costs is worked out.

This ordinance provides for imprisonment only when there is no appeal.

As soon, therefore, as plaintiff in error had perfected her appeal from the judgment of the justice, the ordinance so far as it provides for imprisonment, had spent its force, and there could be no further imprisonment under it.

It is, however, contended that the order of imprisonment is justified by the act of the Legislature, approved and in force April 12th, 1879 (Sess. L. p. 70), which seems to authorize the court or magistrate to commit such offender until such fine, penalty and costs shall be fully paid. The ordinance offered in evidence, provides for imprisonment for twenty-four hours for every dollar of such fine and costs, whilst the act referred to provides for imprisonment until the fine and costs shall be fully paid, provided that no such imprisonment shall exceed six months for any one offense. The ordinance provides in case the party shall be required to labor on the street, he shall be allowed one dollar per day, whilst the act in question provides that he shall be allowed only fifty cents per day. These provisions are so very dissimilar that they cannot be construed as standing together and meaning the same thing. Therefore, in order to make the statute apply to this case, we must give it a retroactive effect, and construe it as providing an additional remedy for the collection of a fine imposed subsequently to its passage, for an offense committed previously thereto. When this act went into effect, plaintiff had already complied with all the laws then in force necessary to secure her immunity from future imprisonment for this offense. To again subject her to imprisonment in case of her inability to pay her fine, would be a harsh measure, if within the power of the legislature at all. We are not, however, called upon to inquire into the power of the legislature to so provide, for in the act in question we fail to find any evidence of any intent to apply its

enactments to past offenses.  "Retrospective·laws are viewed
with disfavor, and courts do not allow statutes to have a retro-
active effect on past transactions, unless it appears that such
was the intention of the legislature, manifested by clear and
unequivocal expressions." Hansen v. Meyer, 81 Ill. 321; *In
re* Esther Fuller, 79 Ill. 99.

. Tested by this rule, the act of 1879 does not apply to this
case. That part of the judgment of the circuit court which
orders the plaintiff in error to be imprisoned until the fine and
costs are paid, is, therefore, reversed.

Reversed in part.