# Martha. R. Ringgold *against* William Emory.

Motion to dismiss the appeal.

2nd April 1836, the estate of William Ringgold was sold, in virtue of a decree of the chancery court, for the payment of his debts, and William Emory became the purchaser. The sale was ratified and confirmed 20th June. The land was sold for $23.52 per acre, and contained, according to the report of the trustee, five hundred and sixty-six acres. The purchase money was paid and distributed; a balance, after satisfying the claims against the deceased, was paid over to the guardian of the appellant, who was the devisee of William Ringgold.

The appellant, in May 1844, filed a petition in the case, suggesting, that the land which was sold contained a greater number of acres than were paid for. The court was asked to order a resurvey, and that the purchaser be required to

pay for any excess. A survey was ordered, and it appearing by that survey that there was an excess, the question was, whether the purchaser was to pay for that excess? Much testimony was taken, which has no relation to this motion.

The chancellor being of opinion, that the petitioner, now appellant, was not entitled to relief, on the 19th July 1846, dismissed the petition first filed, with costs. Of other petitions filed afterwards in the case he took no notice, until the 25th June 1849, when, by an order passed in the case, he dismissed a petition filed in May 1844, with costs.

The appeal was not taken until the 29th June 1849, and was not taken within the nine months allowed by law, from the first order of the chancellor, but it was insisted, that the appellant had a right to appeal from the chancellor's last order, as he had entered his appeal a few days after that order was passed. The only question was, whether the second petition was the commencement of a new application, or a proceeding in the case of which the first petition was the commencement? On the part of the appellant the first petition was said to be *an ex parte* proceeding, the purchaser was not required to appear and answer, no general relief was asked. The answer to this was, that if any irregularity in her petition, it was the fault of the petitioner herself, and she could not take advantage of any such irregularity.

The chancellor's "reasons," which make a part of his order, embrace and dispose of the whole case, and if the appellant, by her own *laches*, lost her right of appeal, nothing done afterwards, either by the chancellor or herself, can give it back to her.

The motion was argued before ECCLESTON, TUCK and MASON, J.

By *Emory* and *Alexander* in favor of the motion to dismiss, and *Dulany* against it.

MASON, J., delivered the opinion of the court.

The Court of Appeals have had no difficulty in coming to the conclusion, that the order of the chancellor, passed the

25th June 1849, from which the present appeal appears to have been taken, was irregular, and of no force and effect whatever.

By the order passed 19th July 1848, in our judgment, the whole case had been dismissed, and thus finally disposed of. This conclusion is not only clear, from the fact that the order, in express terms, dismissed the original petition, the effect of which was to have dismissed all the subsequent proceedings which were based upon that petition, but it appears from the language of the order itself, and by the opinion filed in the cause, that the chancellor had in fact considered the whole proceedings, and designed to dismiss them.

The whole case having thus been disposed of and at an end, it is manifest, that any subsequent order in the premises would have been irregular and inoperative, unless based upon some new formal proceeding, instituted to revive the defunct case, which it is not pretended was done in this instance. From the record before us it is quite manifest, that the last order was passed improvidently, and we are satisfied none such would have passed, if the existence of the previous order had been brought to the notice of the chancellor.

Upon this point we have no difficulty; but the court feel some embarrassment in determining upon the proper mode, by which they are to get clear of the order presented to them by this appeal. The appellee seeks to avoid *it*, by a motion to dismiss the appeal. In our opinion the present question is one which cannot be raised upon such a motion. Here is an order or decree passed by the chancery court which upon its face (not to look behind it) appears to be a decree from which an appeal will lie. The appeal was taken in due time, and in due form, as provided by our acts of Assembly, and under such circumstances, we do not see how we can sustain a motion to dismiss.

The regularity or propriety of an appeal is one question, and the subject matter to be considered under an appeal, after it has been regularly taken is another. The first can only be disposed of upon a motion to dismiss; the second

must be determined according to its merits. The point directly presented to our view by the argument of counsel, is one which would rather go to the merits, than to the regularity of the appeal.

Enough, however, has been disclosed in the argument of this preliminary question, to justify the court in coming to the conclusion they have already announced.

For the reasons assigned we overrule the motion to dismiss; and unless the counsel desire to be heard further as to the proper and final disposition to be made of the case, in pursuance of the views already expressed by the court, or can agree among themselves on this point, we will proceed to pass a final order in the case.

Motion to dismiss the appeal overruled.

*Motion overruled.*