## SARAH HITCH vs. JACOB G. DAVIS.

A decree dismissing so much of a bill as related to or sought to recover from the defendant as respects a certain note, is a final adjudication of that particular question unless appealed from in due time, and after the time for an appeal has passed the question cannot be revived by a petition for a

rehearing, or by the fact that in the auditor's account the note was charged to the defendant, to which exceptions were filed and overruled, and from the order overruling them an appeal was taken in due time.

APPEAL from the Court of Chancery.

The original bill in this case was filed by the appellant, claiming, among other things, a note for $2673.75 as a *gift* to the complainant from her father, Solomon Betts, during his lifetime. The defendant Davis was the executor and trustee appointed by the will of Betts to execute the trusts thereof, and the other claims in the bill were founded upon provisions in the will of Betts in favor of his daughter, the complainant.

On the 9th of May 1851, the chancellor filed an opinion and passed a decree dismissing the bill, "so far as it seeks to recover from the defendant, Jacob G. Davis, for or in respect of the note of Lloyd N. Rogers to Solomon Betts, dated the 17th of November 1838, in the proceedings mentioned," but that the bill in other respects be retained, with leave to make Krebs a party, who had been appointed trustee in place of Davis. A supplemental bill was then filed making Krebs a party, and he having answered, the chancellor, on the 9th of February 1852, passed another order or decree referring the case to the auditor, "with reference to the questions left open by the opinion and decree of the 9th of May 1851," for the purpose of stating the necessary accounts preparatory to a final decree.

The auditor stated several accounts, and in one of them, stated under directions from the solicitor of the complainant, the defendant Davis was charged with the note of Rogers referred to, as *executor* of Solomon Betts. Davis excepted to this account, and also to the sufficiency of the averments of the original and supplemental bills, to enable the complainant to recover for this note. The chancellor, on the 26th of March 1853, filed an opinion deciding that with reference to this note there had been a final adjudication upon the bill, which claimed it as the property of the complainant *solely* by virtue of a *parol gift* of it to her by her father in his lifetime, and that the bill could not be *amended* for the purpose of raising the question of the applicability of the note as an asset in the hands of the

defendant to the payment of the pecuniary legacies. The chancellor therefore sustained the defendant's exception to the auditor's account in which he was charged with this note, and, on the 31st of March 1853, passed an order to that effect.

Afterwards, on the 26th of March 1853, the complainant filed a petition stating that, as she understood it, the order dismissing the bill before the final decree extended only to the dismissal of the same in regard to the *individual claim* to the note in question, and not in regard to that note as forming part of the estate of Betts under the general allegations of the bill, and prayer for account and payment of the $5000 legacy to her; that if the decree now stands it might be pleaded to any action or future bill to be brought against Davis for the amount of the note, and would therefore operate as a gift to him of the amount thereof. She therefore prays that the case may be reheard, as she is informed that the points to which she has referred were owing to the misapprehension entertained in regard to the effect of the order of dismissal of the bill in regard to the note. This petition the chancellor dismissed by order passed on the 25th of May 1853.

Afterwards, on the 2nd of June 1853, the complainant entered an appeal "from the decree of the 9th of May 1851, dismissing the bill as to the note of Rogers, and also from the order of the 31st of March 1853." The several opinions of the chancellor are reported in 3 *Md. Ch. Dec.*, 266.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*H. Lennox Bond, H. Winter Davis* and *Grafton L. Dulany* for the appellant, argued:

1st. That the dismission of the bill as to Rogers' note is erroneous, for 1st. There is proof from which the court can infer a valid gift of the note by the testator to the appellant, a gift which the executor recognised and admitted by paying her, after the testator's death, the preceding interest. 3 *Gill*, 278, *Isaac vs. Williams.* 1 *Bailey*, 117, *McClung vs. Lockhart.* 2 *Do.*, 588. *Pitts vs. Mangum.* 10 *Johns.*, 293, *Grangiac vs.*

*Arden.* 2nd. There is no sufficient exception to the allegations of the bill touching the note in that aspect of the bill, which asserts a gift *inter vivos* of the note to the complainant. 2 *G. & J.*, 208, *Pennington vs. Gittings.*

2nd. But if the claim to the note under the alleged gift cannot be maintained, then we insist: 1st. That the bill distinctly prays for an account of the assets of Betts in the executor's hands and payment of the legacy of $5000. 2nd. The report shows a clear insufficiency of assets to pay the whole legacy, whether the note of Rogers be or be not included. 3rd. The allegations of the bill are sufficient to form a general order for an account of the whole assets of Betts in order to ascertain the extent to which assets are in the executor's hands applicable to this legacy. 4th. If this note was not validly given to the complainant in the testator's lifetime, then it remained his property till his death and formed part of his assets in the executor's hands, unless it was disposed of otherwise in the testator's lifetime. 5th. The evidence shows that the testator never did transfer his right to this note to any one but the complainant, and if the transfer to her failed it remained in the testator. 6th. It therefore constituted a part of the assets of his estate, and the payment of the note by Rogers is distinctly proved. 7th. The executor does not assert that the note was given to him by the testator, nor that it was transferred to any one else. 8th. The proceedings in the orphans court constitute no plea in bar to this item, for there was no judgment passed on the petition; the parties were different, and even a direct refusal to charge the executor with the item would not be such a final judgment as would preclude the court of chancery from charging him on a bill to account. 3 *Chitty's Pl.*, 298, 299. 3 *East.*, 346, *Outram vs. Morewood.* 1 *Stark. on Ev.*, 225, 226. 4 *Barn. & Cres.*, 625, *Plummer vs. Woodburne.* 1 *Gill*, 1, 2, 30, *Stevenson vs. Reigart.* 12 *G. & J.*, 456, 467, *State, use of Hickley, vs. Stewart, et al.* 9th. If therefore it was right to dismiss the bill because there was not a title to the note shown under the alleged gift, then the whole bill, so far as it asserted title in that character, was out of court. It was not before the court *at all.* It was

as if a pen had been drawn through those parts of the bill and prayer asking for the note.   The bill then stood, as a general bill, for an account of assets of Betts' estate; for an account of the money received by Davis' as trustee of Mrs. Hitch, and for payment of what was due and unpaid.   10th. If the allegations of the bill did not state facts which, in law, involved a valid gift, then this view is so much the stronger, for without a dismission the complainant could insist there was no gift shown, and therefore none could be noticed by the court, and nothing was before the court but the general bill for an account against the trustee and the executor.   11th. If the decree be rightly held to have dismissed the bill as to the note, not merely so far as it was claimed under the *gift*, but also so far as it was claimed as part of the estate of Betts, not passing by the gift, then the decree was erroneous, for either the note was given to Mrs. Hitch or it remained part of the estate.   If *not given* then to dismiss the bill, as to that item *wholly*, is to give the note to the executor free from all account, since this decree bars any other suit, and by hypothesis this bill is out of court as to that item.   The appellant therefore insists:

1st. That the bill ought not to have been dismissed as to her claim to the note under the gift.

2nd. If it ought, then the decree should have been confined to a dismission of the bill, so far as that title to the note was asserted; and therefore:

3rd. If the decree is confined to a *dismission as to that title*, the refusal to charge the executor with the note was erroneous. If the decree was not so confined but dismissed the bill wholly as to the note, whether as claimed under the *gift* or as an item of the assets of the testator, it is erroneous, in depriving the legatee of a part of the assets of the estate to pay the legacy, because she has failed to prove a title to it by gift.

*Thomas G. Pratt* for the appellee, moved to dismiss the appeal, and in support of this motion, argued:

1st. That in effect and substance the appeal is taken from the decree of May 1851, and that being first taken more than nine months (in fact two years) after that decree, is too late

and must be dismissed. *Alex. Ch. Pr.*, 182. Act of 1826, ch. 200, sec. 14. *3 Md. Rep.*, 478, *Glenn vs. Chesapeake Bank, et al. 3 Md. Ch. Dec.*, 270, *Hitch vs. Davis.*

2nd. That the appellant cannot, in this court, successfully predicate his right to maintain this appeal upon the subsequent introduction of this claim by the auditor in his report, and the consequent subsequent obligation of the chancellor to reject it. Nor can he successfully resist this motion to dismiss upon the ground that he had filed a petition for a rehearing, and that he had asked for an appeal within nine months from the date of the refusal to gratify that petition. As the effect of the first proposition would be to give to the auditor, and of the second proposition to give to the party, the unlimited power to extend the right to appeal.

3rd. That the only proper office of a petition for a rehearing is to alter or set aside the decree *before enrolment,* and that a petition for rehearing was never before filed in a court of chancery to set aside a decree which had been enrolled for more than two years before the date of such petition. *Alex. Ch. Pr.*, 177, 178. *1 G. & J.*, 393, *Burch, et al., vs. Scott.*

MASON, J., delivered the opinion of this court.

The only question before the court upon this appeal is, whether we shall dismiss the appeal or affirm the decree of the chancellor: one of comparatively small importance to the parties, or in principle, as the result would be the same.

That the decree of the chancellor of the 9th of May 1851, dismissing so much of the bill as related to, or sought to recover from, the defendant, as respects the note of Rogers, was a final and conclusive adjudication of that particular question, unless it had been in due time regularly appealed from, there can be no doubt. This was not done in the time required by law, and therefore we must regard that question as finally settled, and the chancellor was right in not permitting the complainant to revive the point in the indirect mode proposed. As it matters little whether we affirm the decree or dismiss the appeal, we will adopt the former course.

The principle upon which this matter is to be determined has been recognised and settled in the cases of *Ringgold vs. Emory*, 1 *Md. Rep.*, 348, and *Lefever vs. Lefever*, 6 *Md. Rep.*, 472.

*Decree affirmed, with costs.*