# Etowah Mining Co. *et al. v.* Wills Valley Mining & Mfg. Co.
# *Ex parte* Etowah Mining Co. *et al.*

### Decree Dismissing Cross Bill; Application for Mandamus

1. Order dismissing original bill cannot be reviewed in Supreme Court unless appealed from.

2. Joinder in error does not confer jurisdiction on Supreme Court.

·3. *Dismissal of original bill carries cross bill; exception.*—A cross bill being auxiliary to the main cause, as a general rule the dismissal of the original bill carries with it the cross bill. The exception is where the cross bills shows ground

[Etowah Mining Co. *et al.* v. Wills Valley Mining & Mfg. Co. *et al.*]

[*Ex parte* Etowah Mining Co. *et al.*]

for equitable relief for matters growing out of the subject matter of the original bill, which may uphold the jurisdiction of the court independent of the original bill.

4. A bill does not lie merely to construe a contract.

5. *Agreement; when it does not bind assignee.*—An agreement which by its terms is an independent stipulation purporting to bind only the original party to it, has no effect to bind his assignee in the absence of an agreement on the part of the assignee.

6. *Covenant to run with land; to what it does not extend.*—A covenant to run with the land, to affect an assignee must relate to and concern the land itself, and does not extend to agreements of the lessor in respect to personal property, nor does it comprehend an agreement to pay for betterments upon the land which the lessee has not bound himself to make, nor even to those made under such obligation unless the covenantor has expressly bound his assigns.

7. *Amendment to cross bill; when of no effect.*—After dismissal of an original bill which carries a cross bill with it, an order allowing amendment to cross bill is without effect.

8. *Interlocutory order, annulled by dismissal of bill.*—When an interlocutory order directing the payment of moneys in the hands of the register, is made in a cause in chancery, and the bill is afterwards dismissed, such order is annulled by the dismissal.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. J. R. DOWDELL.

The Wills Valley Mining and Manufacturing Company and others brought a creditors' bill against the Etowah Mining Company and others. The defendants answered and prayed that the answer be taken as a cross bill. The original bill was dismissed at the instance of the complainants. Prior to the dismissal, the court had made an order directing the payment by the register of certain moneys to the Wills Valley Mining & Manufacturing Company. After the original bill had been dismissed, the court granted to the respondents to the original bill an order to amend their cross bill. This order to amend was afterwards held by the chancellor to have been improvidently made, and the cross

bill was dismissed. Appeal from this decree. The Etowah Mining Company applied for mandamus to compel the vacating of the order directing the payment of moneys by the register.

DENSON & BURNETT and BURNETT & CULLI, for appellants, cited the following authorities to support the proposition that the cross bill should have been retained after dismissal of the original bill.—*Birmingham Nat'l B'k v. Roden,* 97 Ala. 406; *Aday v. Echols,* 18 Ala. 363; *Corvin v. Smith,* 17 N. J. Eq. 51; *Gilman v. N. O. & S. R. R. Co.,* 72 Ala. 378; *Abels v. Wab. Real Estate Co.,* 92 Ala. 382; *Dawson v. Avery,* 40 N. J. Eq. 494; *King v. Thorpe,* 21 Iowa 67; *Jones v. Thatcher,* 61 Ga. 329; *Wilkinson v. Roper,* 74 Ala. 145; *Abels v. Planters Ins. Co.,* 92 Ala. 386; *Davis v. Crook,* 65 Ala. 623; 6 Am. & Eng. Ency. Pl. & Pr., 848; *Markell v. Kosean,* 31 Fed. Rep. 104; *White v. Ewing,* 159 U. S. 36. (2) Rule that privity is necessary for covenant to run with land does not apply in equity.—1 Smith Leading Cases, 9 Am. Ed. 198; *Fulk v. Maxby,* 2 Phil. Ch. 774; *Church v. Realand,* 64 Pa. St. 774; *Cover v. Bola & Tr. Co.,* 153 Pa. 47.

PRICHARD & SIZER, for Nixon, cited, *Lowenstein v. Glidewell,* 5 Dill. 325; *Wilkinson v. Roper,* 74 Ala. 140; *Cont. Ins. Co. v. Webb,* 54 Ala. 688; *Dawson v. Amey,* 40 N. J. Eq. 494; *Sigmun v. Lundy,* 66 Miss. 522; *Worrell v. Wade,* 17 Ia. 96; *Jones v. Thacker,* 61 Ga. 329; *Odom v. Owens,* 2 Baxt. 446; 9 Heisk. 745; *Fisher v. Stovall,* 85 Tenn. 316; *Croft v. Johnson,* 8 Baxt. 390. (2) On the question of the use of the word "assigns" in covenant to run with the land.—*Masury v. Southworth,* 9 Ohio St. 340; *Bradford Oil Co. v. Blair,* 113 Pa. St. 83; *Bronson v. Coffin,* 108 Mass. 175; *Savage v. Mason,* 3 Cush. 500; *Crawford v. Weatherbee,* 77 Wis. 419.

[Etowah Mining Co. *et al.* v. Wills Valley Mining & Mfg. Co. *et al.*]

[*Ex parte* Etowah Mining Co. *et al.*]

O. R. HOOD, DORTCH & MARTIN and A. E. GOODHUE, *contra,* cited to show that when the original bill is dismissed the cross bill goes with it.—*Wilkerson v. Roper,* 74 Ala. 145; *Dill v. Shahan,* 25 Ala. 694; *Cont. Ins. Co. v. Webb,* 54 Ala. 688; *Wynne v. Dillard,* 60 Ala. 369. (2) The assignee not bound by covenant of the lessor.— *Bream v. Dickerson,* 2 Humph. 126; *Hansen v. Meyer,* 81 Ill. 321; *Spencer's Case,* 5 Coke Rep. 16; *Grey v. Culberton,* 2 Chitty's Rep. 482. (3) Cross bill auxiliary to original bill, and new and distinct matter not pertaining to the original bill cannot be introduced in it and made foundation for a decree.—*Taunton v. Mc-Inish,* 46 Ala. 619; *Grimball v. Patton,* 70 Ala. 626.

SHARPE, J.—This appeal, as appears from the certificate of the register, the notice of appeal and the security for costs, is alone from the decree dismissing the cross-bill rendered subsequent to the dismissal of the original bill. The order dismissing the original bill was a final order and not having been appealed from this court is without jurisdiction to review it.—*Jones v. Woodstock Iron Co.,* 90 Ala. 545; *Carroll v. Richardson,* 87 Ala. 605; *Barclay v. Spraggins,* 80 Ala. 357. It could not properly be assigned for error here and the joinder in error does not confer the jurisdiction.—*Barclay v. Spraggins, supra.* A cross-bill being auxiliary to the main cause as a general rule the dismissal of the original bill carries with it the cross-bill. The exception is where the cross-bill shows ground for equitable relief for matters growing out of the subject matter of the original bill which may uphold the jurisdiction of the court independent of the original bill.—*Abels v. Planters and Mer. Ins. Co.,* 92 Ala. 383; *Wilkinson v. Roper,* 74 Ala. 140; *Continental Ins. Co. v. Webb,* 54 Ala. 688.

This cross-bill was exhibited against the Wills Valley Mining and Manufacturing Company alone. The relief prayed is for a construction of the lease and to compel that corporation to take and pay for betterments

[Etowah Mining Co. *et al.* v. Wills Valley Mining & Mfg. Co. *et al.*]

[*Ex parte* Etowah Mining Co. *et al.*]

made and property acquired as incident to the operation of the lease as the original lessors had by the terms of the lease agreed to do upon its expiration. A bill does not lie merely to construe a contract.—*Lakeview Mining & Mfg. Co. v. Hannon,* 93 Ala. 85. The agreement sought to be enforced is an independent stipulation by its terms purporting to bind only the original lessors and which had no effect to bind the Wills Valley Company as their assignee in the absence of an agreement on its part. There is no averment of such agreement but the conclusion is alleged that as transferee of the lease that company took it subject to its burdens and is therefore bound by its stipulation to take and pay for the property. A covenant to run with the land must relate to and concern the land itself and does not extend to agreements of the lessor in respect to personal property nor does it comprehend an agreement to pay for betterments upon the land which the lessee has not bound himself to make nor even those made under such obligation unless the covenantor has expressly bound his assigns.—*Spencer's Case,* 5 Coke's Rep. 16; *Bream v. Dickenson,* 2 Humph. 126; *Hassen v. Meyer,* 81 Ill. 321.

Failing to show independent grounds for equitable relief the cross-bill was disposed of by the dismissal of the original bill. An order formally dismissing the cross-bill was not necessary to carry it out of court though such an order would have been appropriate.— *Wyatt v. Galington,* 56 Ala. 576; 5 Ency. Pl. & Pr. 667.

After such dismissal there was no pending cause and the subsequent orders made in the allowance of an amendment to the cross-bill and in proceedings thereunder were improvidently made and without effect.— *Ringgold v. Emory,* 1 Md. 350; *Guyer v. Wilson,* 139 Ill. 398; 6 Ency. Pl. & Pr. 979. Such orders however were without injury to appellants. The decree appealed from properly directed that the cause be retained for the settlement of the accounts of the receiver and for all

necessary orders pertaining to the receivership.—*Thornton v. Highland Avenue & Belt R. R. Co.*, 94 Ala. 353.

The decree will be affirmed.

In connection with the submission of this appeal and to be heard with it, there was submitted an application for *mandamus* to require the vacating of the order of June 30th, 1896, directing the payment of moneys in the hands of the register to the Wills Valley Mining & Mfg. Co. That order was held by this court at a former term to be interlocutory and not final in its character. The return to the rule *nisi* in that application shows the dismissal of the original bill had on motion of the complainants after they had obtained the order assailed by the application. Such disposition of the cause had the effect to annul that order so far as it directed such payment as if it had never been granted so that nothing can be claimed under it by that company and so that it concludes no one.—*Loeb v. Willis*, 100 N. Y. 235; *Cartmell v. McClaren*, 12 Heisk. 41. There is no necessity for further proceedings to vacate it and the application for *mandamus* will be denied.

The appellants will pay the costs of the appeal and of the application for *mandamus*.