# Meyer *v.* Calera Land Co. *et al.*

*Bill in Equity for Reformation of Judgment.*

1. *Bill for reformation of judgment; equity jurisdiction.*—A bill can not be maintained by one who was a party to an ejectment suit, for the purpose of having the judgment rendered in said suit reformed, so as to make it apply to other lands than those described in said judgment; said judgment being rendered in accordance with the plea of disclaimer and the suggestion of adverse possession for three years filed by the defendant in said ejectment suit, who sought to maintain the bill in equity.

2. *Equity pleading; dismissal of original bill carries cross-bill.* A cross-bill which shows no equitable relief growing out. of the subject matter of the original bill, and which has no independent equity which would sustain the jurisdiction of the court, is carried out of court by the dismissal of the original bill.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. RICHARD B. KELLY.

The appellant, Ben Meyer, filed a bill against the appellants the Calera Land Co., Joseph Goetter, trustee, and others. The purpose of the bill was to have a judgment rendered in an action of ejectment reformed, so as to include certain lands and that it be decreed that the respondent's title to the lands described in the bill was, by said judgment, divested out of them and invested in the claimant, and that the respondents be enjoined from claiming title to said lands.

The defendants answered the bill and two of the defendants prayed to have their answer taken as a cross-bill. By this cross bill the complainants therein sought to quiet the title to the lands involved in the suit under the

statute, (Code, §§ 809-813). The averments of the original and cross bills, and the facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause, the chancellor decreed that the complainant was not entitled to the relief sought in the original bill, but that the defendant was entitled to the relief asked for in the cross bill; and he ordered accordingly. From this decree the complainant appeals, and assigns the rendition thereof as error.

A. LATADY, for appellant, cited *Tyson v. Decatur Land Co.*, 121 Ala. 414; *McQueen v. Lampley*, 74 Ala. 408; *Beebe v. Morris*, 54 Ala. 300; 3 Blackstone's Com., 233; Code of 1886, § 2699.

LACKLAND & WILSON, *contra*, cited 3 Brick. Dig., 347, § 230; 1 Brick. Dig., 666, § 376, *et seq.;* 2 Ency. Pl. & Pr., 1180, 1200, notes and authorities; *Davis v. Caldwell*, 107 Ala. 526; *Holt v. Adams*, 121 Ala. 664.

SHARPE, J.—Complainant's only claim to the land which forms the subject-matter of this suit grows out of proceedings had in an action of ejectment in which he was a defendant. The facts relating to that action are but meagrely stated in the bill, but therefrom it appears that at some previous time not stated, suit was brought by one Holt (who may have been, but is not alleged to have been in privity with defendants in this suit), against complainant's tenant in possession, for whom, complainant was substituted as defendant. From what is averred it is inferable though not distinctly alleged that as such defendant this complainant filed in that suit as to a part of the land sued for, a disclaimer, and as to another part a suggestion of three years adverse possession with a claim for improvements made by him with a view to recovering for the improvements or retaining the land under the provisions of the statute, (Code of 1886, § 2705, Code of 1896, § 1539) ; and further that by mistake of the pleader the land here involved was included in the disclaimer while the suggestion of adverse possession embraced, not the improved part, but

another parcel of land on which there were no improvements. It is further shown that on the trial of that suit a verdict was rendered for the plaintiff in ejectment on the main issue, but the verdict found the suggestion of adverse possession for three years to be true, and assessed the value of the land as therein described and of its use, and the value of complainant's improvements and on that verdict a judgment was formally rendered. Further it is alleged in substance that the plaintiff in ejectment failed to pay for the improvements and after the year allowed by the statute for such payment, he, the complainant, paid to the clerk the assessed value of the land. By the bill it is not sought to set aside that judgment as one obtained by mistake, but complainant bases thereon an assertion of right as created by the Code of 1886 to the land on which the improvements are located; and to the end of establishing that right he seeks to have the judgment so reformed that the suggestion of adverse possession and the assessment of values will properly describe and apply to that part of the land.

Regardless of whether the Code of 1886 or the changed statute in the Code of 1896 applied to the ejectment proceedings, it must be held that the bill presents no case for equitable relief. The judgment in ejectment did not provide for complainant to obtain on any terms an interest in lands not described in the suggestion of adverse possession; and whether there was in it a misdescription of land by mistake or not, the chancery court has no jurisdiction to reform that judgment so as to make that description apply to the land here in question. The case is ruled by *Stephenson v. Harris,* 131 Ala. 470, where the lack of such jurisdiction is declared and authorities supporting the conclusion are referred to.

The decree appealed from is correct in so far as it ascertained the complainant had shown no interest in this land, but it should have gone further to the dismissal of both the original and cross-bills. The original bill as amended has not specific averments of peaceable possession in complainant and the absence of pending suits such as are necessary to confer on the court the statutory jurisdiction to quiet title.—Code, §§ 809, 810. Nor does it call on defendants to set forth their title as pro-

[Meyer v. Calera Land Co. *et al.*]

vided in those sections. As to the essentials of a bill which would pursue the statutory remedy see *Adler v. Sullivan,* 115 Ala. 582; *Slosson v. McNulty,* 125 Ala. 124. The defendants' title cannot be adjudicated upon their answer alone as it might have been if exhibited pursuant to a demand made under the statute.

There is no feature of the cross-bill which relieves it from the general rule whereby a cross-bill having no independent equity is carried out by a dismissal of the original bill, as to which see *Etowah Mining Co. v. Wills Valley, etc. Co.,* 121 Ala. 672, and authorities there cited. The independent equity which may warrant retention of a cross-bill in such case is one springing from matters connected with those of the original bill, and which can uphold the jurisdiction and merit relief apart from that sought by the original bill. This cross-bill has no such independent equity. So long as the cross-complainants are out of possession and can test their title at law they are not entitled to bring it in equity for adjudication. Moreover, the title they ask to have quieted is distinct from complainant's claim and for that additional reason is not in this case a proper subject for a cross-bill.—*Gage v. Mayer,* 117 Ill. 632. A cross-bill lies only in respect of matters germane to those of the original bill.—*Continental Life Ins. Co. v. Webb,* 54 Ala. 688; *O'Neil v. Perryman,* 102 Ala. 522; 5 Ency. Pl. & Pr., 640.

The decree of the chancery court will be affirmed as to that part which ascertains complainant had no interest in the land and charges him with costs in that court, and that part which declares a right in the cross-complaints to relief will be reversed. This court will render a decree dismissing the cross-bill and directing that the costs of the appeal in this court and in the chancery court be taxed one-half against the appellant and one-half against the appellees.

Affirmed in part, reversed in part, and rendered.