# Swope, et al. v. Swope, et al.

## Bill to Remove Settlement from Probate to Chancery Court.

(Decided April 11, 1912. Rehearing denied June 29, 1912.
59 South. 661.)

1. *Administration of Estates; Removal From Probate to Chancery.* —As a general rule, an executor or an administrator cannot remove an administration from the probate to the chancery court, unless it affirmatively appears that the probate court cannot grant adequate relief; where a special equity exists, or where the complications are so great that the probate court cannot give adequate relief, settlement of an estate should be removed to the chancery court, although the personal representative has been cited to make final settlement or to show cause why he should not be removed.

2. *Same.*—Where the cross-complainant was administrator in three states in which decedent owned property and owed debts, and where it appears that the cross complainant is the guardian of decedent's children as well as administrator, and that settlement and distribution will be more expeditiously and less expensively made by settlement of the whole matter in one cause, a cross-bill setting up such facts shows such complication of affairs in the settlement of a decedent's estate as to give equity jurisdiction to remove the administration from the probate to the chancery court.

3. *Equity; Dismissal of Bill; Effect on Cross Bill.*—Where the cross bill contains equity independent of the original bill, but growing out of the subject matter of the original bill, the dismissal of the original bill does not per se carry with it the cross bill nor authorize the dismissal of the same.

4. *Same; Pleading; Multifariousness.*—Where the cross bill for the settlement of decedent's estate seeks to join settlement of the accounts of a partnership in which decedent was a member, but to which the heirs were not proper parties, it is multifarious.

(Mayfield, J., dissents in part.)

[Swope, et al. v. Swope, et al.]

APPEAL from Lawrence Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Carter Swope against Clay Swope and others, with cross-bill by Edgar C. Swope as administrator, for the settlement of an estate, and to remove it from the probate to the chancery court. From the decree Clay Swope and others appeal. Affirmed in part and in part reversed, rendered and remanded.

See also 173 Ala. 157; 55 South. 418.

KIRK, CARMICHAEL & RATHER, for appellant. Under the statute, respondent may present his defense by answer and plea jointly, or he may file them separately. —Sec. 3113, Code 1907; *Tyson v. Decatur L. Co.,* 121 Ala. 418; *Sellers v. Farmer,* 147 Ala. 447. The practice of testing pleas is abolished by section 3115, Code 1907. The pleas were not only sufficient but were proven.— *Warring v. Lewis,* 53 Ala. 622; *Ligon v. Ligon,* 105 Ala. 644. The bill not having been amended to meet the demurrers, it resulted in the dismissal of the suit carrying the cross-bill with it.—*Watson v. Jones Bros.,* 121 Ala. 579; *Etowah M. Co. Case,* 121 Ala. 675; *Meyer v. Calera L. Co.,* 133 Ala. 554; *Albes v. P. & M. I. Co.,* 92 Ala. 383; *Wilkinson v. Roper,* 74 Ala. 140; *Ex parte Jones,* 133 Ala. 212. The cross bill under these authorities was not brought within the exceptions stated in the last cited case. The decree of October 26, 1911, was a final decree.—*May v. Green,* 75 Ala. 165; *Walker v. Crawford,* 70 Ala. 567; *Jones v. Wilson,* 54 Ala. 50. The court will therefore consider the assignments of error based on rulings of the chancellor in overruling demurrers to the cross bill as amended. The demurrers should have been sustained as the bill shows nothing that was beyond the jurisdiction of the probate court to properly handle and dispose of.—Sec. 2684, Code

1907; *Johnson v. McKenna,* 129 Ala. 226; *Jeffries v. Beard,* 117 Ala. 436; *Moore v. Winston,* 66 Ala. 296; *Shackelford v. Bankhead,* 72 Ala. 476; *Draper v. Draper,* 64 Ala. 547; *Swope v. Swope,* 55 South. 418; *Mc-Necl v. McNeel,* 36 Ala. 119; sec. 2614, Code 1907; *Naftel v. Osborn,* 96 Ala. 623; *Spindle v. Blakney,* 44 South. 63; 3 Mayf. 252.

C. M. SHERROD and E. W. GODBEY, for appellee. The dual relation as administrator and guardian, and the fact that decedent owned estates and owed debts in three states, gave the cross bill such special equity as gave the chancery court jurisdiction to remove and administer the estate.—*Phelps v. McDonald,* 98 U. S. 298; *Munn v. Gordan,* 25 L. R. A. (N. S.) 917; *Smith v. Smith,* 13 Ala. 336; *Calhoun v. King,* 5 Ala. 527; *Greenhood v. Greenhood,* 39 South. 300; 73 Atl. 15; 107 N. W. 610. The mere fact that the same person was both a guardian and administrator confers jurisdiction on equity courts to make the settlements.—*Bruce v. Strickland,* 47 Ala. 192; *Waldron v. Simmons,* 28 Ala. 629; *Ligon v. Ligon,* 105 Ala. 460. The probate court did not have jurisdiction to make final settlement between the guardian and ward while that relationship continued.—*Lewis v. Allred* 57 Ala. 631. The power to appoint guardians and administer guardianship estate, as well as to administer estates of decedent is original and inherent in the chancery court.—1 Pom. 100; 3 Pom. 1097; 2 Story, 1338-1340; *Daly v. Reid,* 74 Ala. 415; *Rivers v. Durr,* 46 Ala. 418; *Striplin v. Ware,* 36 Ala. 87; *Lee v. Lee,* 55 Ala. 590. This jurisdiction does not depend upon the nature of the estate.—*Wood v. Wood,* 3 Ala. 756; *Chambers v. Perry,* 17 Ala. 726; *Thornton v. Thornton,* 82 Ala. 490. The accounting sought could not be had in the probate court.—*Broda v. Greenwald,*

[Swope, et al. v. Swope, et al.]

66 Ala. 538; *Chandler v. Winn*, 85 Ala. 301. The complications gave the cross bill equity.—*Clark v. Head*, 75 Ala. 373. The dismissal of the bill did not carry the cross bill with it, as the cross bill contained independent equity concerning subject matters of the original bill.—*Abels v. P. & N. I. Co.*, 92 Ala. 382; *Wilkinson v. Roper*, 74 Ala. 140; *Webster v. DeBardelaben*, 147 Ala. 280; *Davis v. Cook*, 65 Ala. 617; *Etowah M. Co. v. Wills V. M. & M. Co.*, 121 Ala. 672.

ANDERSON, J.—"Though the concurrent jurisdiction of the chancery and probate courts over the administration of estates has been repeatedly recognized, it is well settled that an administrator or executor must proceed in the probate court, unless there exists some special equity, which the probate court, because of its limited jurisdiction, is incompetent to administer, and that a court of equity will not, at the instance of the personal representative, take jurisdiction of his administration, unless it affirmatively appears that the probate court cannot afford adequate relief."—*Harland v. Person*, 93 Ala. 277, 9 South. 380. When a special equity exists, or where the complications are so great that the probate court, by reason of its limited power, cannot give adequate relief, the settlement should be removed to the chancery court, notwithstanding the personal representative had been cited by the probate court to make a final settlement or to show cause why he should not be removed, one or both.—*Norton v. Norton*, 94 Ala. 481, 10 South. 436; *Ligon v. Ligon*, 105 Ala. 460, 17 South. 89; *Gamble v. Jordan*, 54 Ala. 432.

So the material inquiry in the present case is whether or not the appellee's cross-bill, as amended, discloses such a special equity as would justify the removal of the settlement from the probate to the chancery court. We

are of the opinion that it shows such a complication of affairs as would require the action of the chancery court to award full, complete, and final relief and adjustment. The appellee is not only the administrator in Alabama, but Tennessee and Mississippi as well, of the decedent, and the intestate owned property and owed debts in each of said states, and the bill avers the appropriation of funds from one state to settle up debts in another state, with no credit to the administrator in one state for the funds used by him from the other state. The appellee is also the guardian of the children, as well as the administrator of the estate of their deceased father, and which involves dual authority, settlement, and distribution, and it would be expeditious, as well as less expensive, to close the whole matter at one time and in the one forum which has the authority to unravel complications, as well as to allow the appellee the equitable expenditures made for the benefit of the estate before becoming duly qualified as the administrator.

The cross-bill, as amended, contained equity independent of the original bill, and which grew out of the subject-matter of said original bill, and the dissmissal of the original bill did not per se carry with it the cross-bill, or authorize the dismissal of same because of dismissal of said original bill, as the record shows that the cross-bill was amended before the rendition of the decree dismissing the original bill.—*Jones' Case,* 133 Ala. 212, 32 South. 643; *Etowah Mining Co. Case,* 121 Ala. 675, 25 South. 720; *Ables v. P. & M. Ins. Co.,* 92 Ala. 383, 9 South. 423. There was no error in overruling the demurrers of the heirs to the amended cross-bill, or in holding the pleas insufficient, whether it was or was not necessary to pass upon the sufficiency of said pleas under the present statute.—Section 3115 of the Code of 1907.

[Swope, et al. v. Swope, et al.]

The demurrer of C. C. Swope to the amended cross-bill should have been sustained. He was neither a necessary nor a proper party to the settlement of the estate, and it can serve no good purpose to lug him into the case, which would only multiply complications, and perhaps prolong the time for making the settlement. The bills aver a winding up of the affairs of the firm some time ago, that the said C. C. Swope is hopelessly insolvent, that he turned over all the assets of the firm to the appellee, in order that he might settle the partnership debts and close up the business, and that said debts were settled and the business was wound up finally. Therefore it can serve no good purpose to reopen this partnership affair and thereby incur the expense and delay of attempting something which the averments show can produce no fruitful results. Moreover, as to the removal and settlement of this administration, all the heirs are necessary parties; but as to the settlement of the accounts of the late partnership, composed of the decedent and C. C. Swope, this administrator and said C. C. Swope are the only necessary parties. The union of these separate and distinct matters in the bill renders it multifarious.—*Harland v. Person,* 93 Ala. 277, 9 South. 379; *Seales v. Pheiffer,* 77 Ala. 278.

The decree of the chancery court is affirmed in the rulings, except as to the demurrers of C. C. Swope to the cross-bill, and is reversed in this respect, and a decree is here rendered sustaining same, and the cause is remanded. Affirmed in part, reversed, rendered, and remanded. All the Justices concur, except MAYFIELD, J., who dissents in part for the reasons set out by him.

MAYFIELD, J.—(dissenting.)—I cannot concur in the opinion in this case, nor in the conclusion, except as

to the reversal. In my opinion the case should be reversed and rendered. The result of this decision will be an anomaly in chancery proceedings, if this opinion is to stand as written, and a decree be entered accordingly. The facts are fully set forth in the opinion on this and the former appeal. In short, this appellee, who is the administrator of the estate in question, and guardian of the appellants, the sole heirs and distributees of the estate, filed an original bill as next friend of his youngest ward, against himself in both representative capacities, and against his other wards, and sought to remove the two administrations—that of the estate of the deceased, and that of the estate of his wards— from the probate into the chancery court. He answered his own bill, admitting all its allegations, of course, and, in addition, setting up the pendency of proceedings in the probate court to compel him to settle his administration in both capacities, as administrator and as guardian; and asking to have these proceedings for final settlement enjoined, pending the proceedings in the chancery court for removal, and making his answer a cross-bill, as the statute authorizes. The heirs and wards demurred to the original and cross-bills. The chancellor overruled these demurrers, and the heirs and wards appealed to this court.

It was thereupon decided by this court that the complainant had no equitable right to file such a bill as next friend for his infant ward, against himself, and then answer his own bill and make it a cross-bill against his ward for whom he filed the original bill, nor against his other wards. This court also directed his removal, and the appointment of a suitable next friend, who could and should direct the course of the further proceedings of the suit. On reversal, the chancellor sustained the demurrer to the original bill and the cross-

bill, and appointed a suitable next friend, who declined to amend the bill, and reported to the court that the suit was ill-advised, and that it was instituted solely for the benefit of the next friend, and that it was not to the interest of the minor to continue the suit, and thereupon the court ordered and decreed that "the original bill, not having been amended after demurrer sustained thereto at the last term of the court, stands dismissed out of the court, and that the motion of Annie Swope, as such next friend, should be sustained to take the original bill off the docket," and it was further ordered that "the said Edgar C. Swope, the original next friend, pay the costs accrued on the said original bill."

Notwithstanding the demurrers to the original and cross-bills were sustained, and the complainant was allowed 15 days within which to amend said bills, and notwithstanding they were not so amended, and, as before shown, the original bill was declared to stand dismissed out of court because not so amended, and the original suit was dismissed out of court and taken off the docket on the report and motion of the newly appointed next friend, Annie Swope, because ill-advised, and because instituted for the special benefit of the next friend, appellee here, and because its prosecution was not for the benefit of the minor, who was thus wrongfully used as a cat's paw by the next friend, yet the court allowed this original next friend, who had wrongfully filed the original and cross-bills against his wards, to amend his cross-bill, and proceed to have the settlements removed just in accordance with the programme of the original bill, which was dismissed because improperly and improvidently filed. There is not a particle of relief sought or awarded on the cross-bill that was not sought in the original bill.

I submit that this is the only case to be found in the books in which the only relief allowed by a cross-bill was the identical relief sought in the original bill, and was allowed after the original bill was dismissed because improperly and wrongfully filed by the same respondent who filed the cross-bill. I submit that there is not, and in reason, law, or equity cannot be, such a thing as a cross-bill which seeks that relief, and that only, which is sought in the original bill. Such a pleading, no matter what its form, nor what it is labeled or called, in truth, in fact, in law, and in equity is nothing but an answer confessing the equity of the original bill. Asking the court to treat it as a cross-bill and to award affirmative relief under it, when it is the same relief—nothing more or less than the same relief—that was sought in the original bill, cannot make it a cross-bill. If A. sues B. in a court of law for $100, and B. answers that he owes A. $100, and prays the court to render judgment against him, the defendant, for that same $100 sought in the complaint, this answer could not be treated as a cross-action, though the pleader and the trial court both called it such, and the court entered judgment accordingly. It would be nothing more nor less than a confession or admission that the judgment sought in the complaint should be awarded. If A. dismisses the suit before judgment and before trial, B. cannot, after the dismissal, insist upon the judgment prayed in the complaint and in his answer, though he and the court both call it a cross-action. A., as next friend for B., files a bill against A. A. answers his own bill against himself, admits all its averments of course, asks the same relief sought in the bill, just that and nothing more, but adds some additional reasons why the relief should be granted, and calls his answer a cross-bill. Does this make his answer a cross-bill or

a cross-action in any sense? Certainly not. There is no cross-action. It is a mere consent to or confession of the original action. If the bill in such a case is dismissed, it necessarily, in fact, in law, and in equity, carries the entire case out of court, though the answer be labeled "cross-bill" in box-car letters. You cannot change the substance or effect of anything by merely changing its name. A cross-bill or cross-action is, of necessity, another and different action from that of the main suit. If the action attempted to be set up in the answer is the same as that set up in the main suit, it cannot be a cross-bill or cross-action, whatever else it may be.

This has been repeatedly affirmed by this and other courts; in fact, nothing else could be the law, or equity, without being absurd. In *Gilman v. N. O. & S. R. Co.*, 72 Ala. 566, 579, this court, by BRICKELL, C. J., said: "A cross-bill is not entertained, when in the original suit the party filing it can obtain the full relief to which he is entitled. It is unnecessary, adds to the costs, and tends to confusion; and without the restriction cross-bills would be multiplied at the mere election of defendants.—*Weed v. Small*, 3 Sand. Ch. (N. Y.) 273; *Braman v. Wilkinson*, 3 Barb. (N. Y.) 151; *Bogle v. Bogle*, 3 Allen (Mass.) 158." In the case of *McDaniel v. Callan*, 75 Ala. 327, 331, this court, speaking by the same learned Chief Justice, said: "A cross-bill is, in its very nature, a mode of defense; its purpose is either to obtain a discovery in aid of the defense to the original bill, or to obtain full relief touching the matters of the original bill, or to set up some matter which has arisen after the cause was at issue. A cross-bill, not seeking a discovery, and making no defense which was not equally available by answer, should be dismissed.— Story, Eq. Pl. §§ 387, 393; *Braman v. Wilkinson*, 3 Barb. (N. Y.) 151." In the case of *Krueger v. Ferry,*

41 N. J. Eq. 435, 5 Atl. 455, it is said: "The defendants' right to have the complainant to account for the rental value of the mortgaged premises, during the time he has been in possession of them under his mortgage, is a pure matter of defense, and, like other pure defenses, should be interposed by answer. They have set it up in their answer, and as they can have the full benefit of it under that pleading, a cross-bill is both useless and irregular." The rule is thus stated in the Encyclopædia of Pleading and Practice (volume 5, p. 639): "A cross-bill should not be filed where no discovery is sought, and where the matters of defense thereby set up are equally available by answer, since in such case it would not only be unnecessary but useless. Such a cross-bill may be dismissed on answer, motion, or demurrer."

Here not only all that is set up in the alleged cross-bill is proper matter for answer, and equally availing as such, but is a mere confession of the matters set up in the bill, and prays the same relief that is prayed in the original bill—no more and no less. Of course, no case like this can be found in the books, for the reason that no such suit was ever before attempted. It is anomalous, sui generis. If this decree is allowed to stand, it will be the law of this state that a man may sue himself jointly with others in a court of equity, confess his own bill, and make his confession a cross-bill against his correspondents, then dismiss the bill against himself, but have the relief desired, by virtue of his confession of his own original bill. No such result as this ought to be allowed by any court of law or equity. I concede, of course, the law to be as stated in the majority opinion touching the effect, upon a cross-bill, of the dismissal of the original bill. The law is correctly stated in the opinion, and the exception

also; but the trouble is this cross-bill (if such it is to be called) does not fall within the exception. It contains no independent equity different from that of the original bill; but, as I have shown, it is the same, the identical equity and relief. It is not only a dependent equity, but the same equity—no more and no less. If the equity of the cross-bill is dependent upon that of the original bill, the dismissal of the latter necessarily carries with it the cross-bill. It is only when there is an independent equity set up in the cross-bill, relief under which is different from that sought in the original bill, that the cross-bill can be retained and relief awarded thereunder, when the original bill has failed or been dismissed. This rule was clearly stated by SHARPE, J., in the case of *Meyer v. Calera Land Co., et al.,* 133 Ala. 557, 31 South. 939. It was there said: "There is no feature of the cross-bill which relieves it from the general rule whereby a cross-bill having no independent equity is carried out by a dismissal of the original bill, as to which see *Etowah Mining Co. v. Wills Valley, etc., Co.,* 121 Ala. 672, 25 South. 720, and authorities there cited. The independent equity which may warrant retention of a cross-bill in such case is one springing from matters connected with those of the original bill, and which can uphold the jurisdiction and merit relief apart from that sought by the original bill. This cross-bill has no such independent equity."

Here it is certain, beyond question, that the equity invoked and the relief sought were the same in both the original and cross bills, and therefore could not be independent, in either case. The rule and the result are also stated by SHARPE, J., in the case of *Etowah Mining Co. v. Wills Valley, etc., Co.,* 121 Ala. 676, 25 South. 722, as follows: "Failing to show independent grounds for equitable relief the cross-bill was disposed

of by the dismissal of the original bill. An order formally dismissing the cross-bill was not necessary to carry it out of court, though such an order would have been appropriate.—*Wyatt v. Garlington,* 56 Ala. 576; 5 Ency. Pl. & Pr. 667. After such dismissal there was no pending cause, and the subsequent orders made in the allowance of an amendment to the cross-bill and in proceedings thereunder were improvidently made and without effect.—*Ringgold v. Emory,* 1 Md. 350; *Guyer v. Wilson,* 139 Ill. 398, 28 N. E. 738; 6 Ency. Pl. & Pr. 979."

If a cause is submitted on original bill and cross-bill, and no relief can be granted under the original, but relief different can be awarded under the cross-bill—that is, relief independent from that sought, but denied, in the main suit—the court can and will award it. Suppose this cause had been so submitted: Can it be conceived that relief could be denied under the original bill, but the same relief allowed under the cross-bill? Certainly not. Such a decree would have met itself coming back. It would have been a non sequitur. If the complainant had wrongfully brought the defendant into court, and the defendant had filed a proper cross-bill against the complainant, seeking independent and different relief, the court would not allow the complainant to defeat this equity of the defendant, by dismissing the original bill, but would still hold the complainant as a respondent to the cross-bill, and require him to answer, and abide the decree. But surely there is no such equity or right in a case like this, where the respondent is the sole actor, as to both the original and cross bills, and sued himself in order that he might confess the bill and then make his confesison a cross-bill.

With all due deference to the opinion of my Brothers, I am unable, after several careful readings of the orig-

inal and cross bills, to find any valid reason for removing the final settlement of this administration from the probate to the chancery court. It is quite true and undeniable that the administration of an estate may be so removed, and, in certain exceptional cases, the proceedings for final settlement might be removed, where the administrator was also the guardian of some of the heirs or distributees; but the statute was changed for the express purpose of authorizing the probate court to proceed to final settlement in such cases, so this reason no longer exists.—Code, § 2684. I submit that the averments of this bill and cross-bill, as many and copious as they are, show no valid reason for, or justification of, this removal.

The unmistakable object and purpose of the removal, so far as I can see, is that the chancery court will necessarily have to allow the administrator to hold possession of the estate longer than is necessary, and longer than the statue allows him to so retain the possession and control, and longer than the probate court would or has allowed him to do so, with the result that the chancery court may allow him more compensation, on final settlement, than the probate court would allow him. The pleadings show conclusively that there is nothing further to do in the way of the administration of the estate, that it is solvent, that its debts are all paid, that all amounts due it have been collected, that it is ready for final settlement, and that such settlement was being had when this bill was filed, and that the bill was filed for the sole purpose of stopping this proceeding in the probate court and that of the settlement of the guardian with his wards.

No reason in the world is shown why he should not so settle; in fact, the bill and the cross-bill ask that the settlement be had, and it is the only thing sought

in the chancery court. There is nothing to do but to ascertain what is due to each of the distributees and wards from the administrator and guardian, and to allow and award him compensation for services already rendered, which the probate court can allow just as well as, and more speedily than, the chancery court could. It is not alleged that the probate court will decline to allow the administrator any compensation to which he is due or will be due. I am unable to see any possible relief, awardable by the chancery court to either complainants or respondents, which the probate court could not allow, even if every solitary fact alleged in the bill and cross-bill be true.