2 So.2d 772

## THOMAS v. STATE.

### 8 Div. 83.

Supreme Court of Alabama.

June 5, 1941.

Russell W. Lynne, of Decatur, for appellant.

382

Thos. S. Lawson, Atty. Gen., for appellee.

THOMAS, Justice.

The appeal challenges the sustaining of the state's demurrer to the special plea to the jurisdiction of the Lawrence County Circuit Court. The plea was: "Comes the respondent, Sam Thomas in his own proper person, for the sole purpose of pleading to the jurisdiction of this Court, and for plea says this action should be quashed and abated, because: The said supposed cause of action, if such have accrued to the said complainant, accrued to the said complainant in Morgan County, Alabama, where the property sought to be condemned was seized, and not in Lawrence County, Alabama, or elsewhere within the jurisdiction of this Court; and the respondent makes oath that this plea is true."

■ The appropriate method of testing the plea in equity was to set the same down for a hearing as to its sufficiency. Code 1923, § 6547, Code 1940, Tit. 7, Appendix, Eq.Rule 16; Swope v. Swope, 178 Ala. 172, 59 So. 661.

■ The several grounds of demurrer directed to the above plea were sustained, and in this action of the circuit court there was error.

The statute, Code of 1923, § 4778, requires: "All conveyances and vehicles of transportation of any kind, whether on the waters of the state, under the water, on land or in air, which have been or are used for the illegal conveying of any prohibited liquors or beverages into this state, or from one point in the state to another point within the state, including any animals that may be hitched to any vehicle so illegally used, together with all harness and other accessories, employed in such illegal transportation, shall be contraband, and be forfeited to the State of Alabama and shall be seized by any sheriff or other arresting officer or any other person acting under authority of law in the enforcement of the prohibition laws of the state, who becomes cognizant of the facts, or who finds liquor in such conveyance or vehicle being illegally transported as aforesaid. And such officer or person shall report the seizure and the facts connected therewith to the solicitor or any prosecuting official in the county where seizure is made or in default thereof to the attorney-general of the state."

■ And this court has held the statute highly penal and that it must be strictly construed. See Code of 1940, Tit. 29, § 247, for authorities.

It results from the foregoing that the trial court erred in sustaining the complainant's demurrer to appellant's plea in abatement and in ordering, adjudging and decreeing that the demurrer of the state to defendant's plea in abatement be sustained.

■ When the statutes providing for an appeal, Code of 1923, § 6078 et seq., Code 1940, Tit. 7, § 754 et seq., and decisions (De Graffenreid v. Breitling, 192 Ala. 254, 68 So. 265) are considered, it is evident that this is not a final judgment that will support an appeal.

A petition for mandamus is directed to this court, setting up the facts, and in the seventh paragraph thereof are the following averments: "7. Your petitioner shows to the Court that this proceeding for the condemnation of said automobile is based upon the provisions of Section 4778 of the Code of Alabama of 1923; that said Section of the Code authorizes and requires such proceedings to be instituted in the county where the seizure is made; that said automobile was seized in Morgan County, Alabama, and complainant's cause of action, if any, is in Morgan County, Alabama, and not in Lawrence County, where the action is brought."

However, the prayer is for appropriate writ, directed to the "Hon. E. E. Byars, the Register of the Circuit Court of Lawrence County, Alabama, in equity," and commanding him to properly certify the proceedings had in said cause in said court to this Court; "that this Court consolidate this petition with the appeal in said cause, to the end, that the decree of the trial court in said cause may be considered and reviewed and determined by this Court; that this Court, upon consideration of said cause, order and adjudge that the decree of the trial court, sustaining said demurrer, be reversed, vacated, set aside and annulled, and that the Court render a decree, ordering and adjudging that said plea, if true, presents a bar and defense" to the further maintenance of said cause of action in the "Circuit Court of Lawrence County, Alabama, in equity."

■ The ruling will be considered on mandamus. Ex parte Teague, ante, p. 53, 200 So. 892.

It results from the foregoing that the petition for mandamus should be granted and the writ awarded.

Petition for mandamus granted; writ awarded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.